**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE     )
                             )
          v.           )    I.D. No. 0210013335A
                             )
BRYAN L. DAWKINS,     )
                             )
       Defendant.     )

Submitted: May 9, 2017
Decided: July 28, 2017

**Upon Defendant's Fifth Motion for Postconviction Relief:**
**SUMMARILY DISMISSED**

**Upon Defendant's Motion for Appointment of Counsel:**
**DENIED**

This 28th day of July, 2017, upon consideration of the Motion for Postconviction Relief and Motion for Appointment of Counsel filed by Bryan L. Dawkins, the record in this matter, and Superior Court Criminal Rule 61 ("Rule 61"), it appears to the Court that:

1. Dawkins was convicted on April 29, 2004 of First Degree Murder, Possession of a Deadly Weapon during the Commission of a Felony, and Endangering the Welfare of a Child. The Delaware Supreme Court affirmed Dawkins' conviction on direct appeal. Since that time, Dawkins has filed four motions for postconviction relief, all of which have been denied by this Court.[1]

---

[1] *See* D.I. 159, 166, 172, 179.

2. Dawkins filed his fifth motion for postconviction relief (the "Postconviction Motion") on May 9, 2017, asserting this Court lacked jurisdiction over the case, the jury instructions improperly shifted the burden of proof to Dawkins, the jury instructions were "erroneous" in several respects, and his trial counsel was ineffective.[2] Dawkins also filed a motion seeking appointment of counsel to represent him in pursuing postconviction relief.[3]

3. Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[4] Because the Postconviction Motion is Dawkins' fifth such motion under Rule 61, it is barred and must summarily be dismissed unless Dawkins meets Rule 61's pleading requirements. Rule 61(d) permits a second or subsequent motion only if (i) the movant was convicted after a trial; and (ii) the motion pleads with particularity that either: (a) new evidence creates a strong inference the movant actually is innocent in fact, or (b) a new rule of constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders the

---

[2] D.I. 189.
[3] D.I. 190.
[4] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

2

conviction invalid.[5] The bar to successive motions also does not apply to a claim that the trial court lacked jurisdiction.[6]

4.      Dawkins' claims that the jury instructions were erroneous, that the Court improperly shifted to Dawkins the burden of proof, or that his trial counsel was ineffective are barred under Rule 61(i)(2)'s prohibition against successive postconviction motions and, with one exception, under Rule 61(i)(3)'s bar against a defendant raising claims that were not raised in the proceedings leading up to his conviction.[7] Dawkins has not pleaded with particularity that (i) new evidence exists creating a strong inference of actual innocence, or (ii) a new rule of constitutional law, made retroactive to his case, applies and renders his conviction invalid.   As to Dawkins' claim that this Court lacked jurisdiction, Dawkins advances two arguments: (1) venue was improper, and (ii) the indictment against Dawkins was invalid.

5.      With respect to venue, Dawkins concedes this crime occurred in New Castle County, Delaware, which is the county in which Dawkins was tried and convicted.   Dawkins argues, however, that venue was improper because his preliminary hearing occurred in Sussex County, Delaware, "establishing

---

[5] Super. Ct. Crim. R. 61(d).

[6] *Id.* 61(i)(5).

[7] *See id.* 61(i)(3).  This procedural bar would not apply to Dawkins' ineffective assistance of counsel claims.

3

jurisdiction in and for Sussex County . . . [and] thereby precluding the jurisdiction of New Castle County to try defendant."[8] This argument does not overcome Rule 61's procedural bars. First, venue was proper because Dawkins was tried in the county in which the crime was committed.[9] Even if Dawkins' preliminary hearing occurred in Sussex County, that fact did not transfer venue to that county. Second, the argument that Dawkins was not tried in the proper venue is not a jurisdictional claim excused from Rule 61's procedural bars. Claims of improper venue are waived if they are not raised in a timely manner.[10]

6.     Dawkins' claim that his indictment was defective is based on his contention that the State improperly indicted him for felony murder based on the underlying felony of kidnapping, even though "the State conceded that no kidnapping occurred."[11] Dawkins' argument is difficult to understand, let alone summarize, but it fails to state a jurisdictional claim that would overcome Rule 61's procedural bars for a very basic reason: Dawkins was not convicted of felony murder. Rather, although Dawkins was indicted for both intentional murder and

---

[8] D.I. 189 ("Summary of Arguments").
[9] See Super. Ct. Crim. R. 18 ("Except as otherwise provided by statute or by these rules, the prosecution shall be had in the county in which the offense is alleged to have been committed.").
[10] Id. 12(b) ("The following [motions] must be raised prior to trial: (1) Defenses and objections based on defects in the institution of the prosecution; or (2) Defenses and objections based on defects in the indictment . . . (other than that it fails to show jurisdiction in the court or to charge an offense . . .).")); State v. Smothers, 1962 WL 70241, at *2 (Del. Super. Dec. 27, 1962) (holding defendants waived the right to challenge venue by failing to raise the defense before trial).
[11] D.I. 189 at 2.

4

felony murder, he only was convicted of intentional murder.[12] To the extent Dawkins argues the presentation of the felony murder or kidnapping charges "tainted" the jury and led improperly to his conviction for other charges, that is not a jurisdictional claim.[13]

7.     Dawkins also moved for appointment of counsel to represent him in his Postconviction Motion.  Under Rule 61(h), counsel may be appointed for a defendant's second or subsequent postconviction motion *only* if the judge determines the motion satisfies Rule 61(d)(2)'s pleading requirements.  As set forth above, Dawkins does not satisfy these pleading requirements.  Accordingly, the Court may not appoint counsel to represent Dawkins.

In summary, Dawkins' fifth Motion for Postconviction Relief procedurally is barred and Dawkins fails to plead any basis to overcome those procedural defects.  The Motion for Postconviction Relief therefore **SUMMARILY IS DISMISSED**.  Dawkins' Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    James V. Apostolico, Deputy Attorney General
       Bryan L. Dawkins, *pro se* (SBI No. 00260596)

---

[12] The jury found Dawkins not guilty of Felony Murder, Kidnapping, and two associated counts of Possession of a Deadly Weapon during Commission of a Felony.

[13] *See* D.I. 189 at 5-10.